**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

_____ District of _____
(State)

Case number (*If known*): _____ Chapter _____

☐ Check if this is an amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy  06/22

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

1. **Debtor's name** _____

2. **All other names debtor used in the last 8 years**
   Include any assumed names, trade names, and *doing business as* names
   _____

3. **Debtor's federal Employer Identification Number** (EIN)   \_\_ \_\_ – \_\_ \_\_ \_\_ \_\_ \_\_ \_\_ \_\_

4. **Debtor's address**

   | **Principal place of business** | **Mailing address, if different from principal place of business** |
   |---|---|
   | _____ Number    Street | _____ Number    Street |
   | _____ | _____ P.O. Box |
   | _____ City    State    ZIP Code | _____ City    State    ZIP Code |
   |  | **Location of principal assets, if different from principal place of business** |
   | _____ County | _____ Number    Street |
   |  | _____ |
   |  | _____ City    State    ZIP Code |

5. **Debtor's website** (URL) _____

Debtor _____    Case number *(if known)*_____
       *Name*

| | | |
|---|---|---|
| 6. | **Type of debtor** | ❏ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))<br>❏ Partnership (excluding LLP)<br>❏ Other. Specify: _____ |
| 7. | **Describe debtor's business** | A. *Check one:*<br><br>❏ Health Care Business (as defined in 11 U.S.C. § 101(27A))<br>❏ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))<br>❏ Railroad (as defined in 11 U.S.C. § 101(44))<br>❏ Stockbroker (as defined in 11 U.S.C. § 101(53A))<br>❏ Commodity Broker (as defined in 11 U.S.C. § 101(6))<br>❏ Clearing Bank (as defined in 11 U.S.C. § 781(3))<br>❏ None of the above<br><br>B. *Check all that apply:*<br><br>❏ Tax-exempt entity (as described in 26 U.S.C. § 501)<br>❏ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)<br>❏ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))<br><br>C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .<br><br>___ ___ ___ ___ |
| 8. | **Under which chapter of the Bankruptcy Code is the debtor filing?**<br><br>A debtor who is a "small business debtor" must check the first sub-box. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box. | *Check one:*<br><br>❏ Chapter 7<br>❏ Chapter 9<br>❏ Chapter 11. *Check **all** that apply*:<br><br>    ❏ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,024,725. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).<br><br>    ❏ The debtor is a debtor as defined in 11 U.S.C. § 1182(1), its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000, **and it chooses to proceed under Subchapter V of Chapter 11.** If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).<br><br>    ❏ A plan is being filed with this petition.<br><br>    ❏ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).<br><br>    ❏ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.<br><br>    ❏ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.<br><br>❏ Chapter 12 |

Debtor _____    Case number (*if known*)_____
      Name

9. **Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

   If more than 2 cases, attach a separate list.

   ❑ No
   ❑ Yes.  District _____  When _____  Case number _____
                                                     MM / DD / YYYY

             District _____  When _____  Case number _____
                                                     MM / DD / YYYY

10. **Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

    List all cases. If more than 1, attach a separate list.

    ❑ No
    ❑ Yes.  Debtor _____  Relationship _____
             District _____  When _____
                                                        MM / DD / YYYY
             Case number, if known _____

11. **Why is the case filed in *this district*?**

    *Check all that apply:*

    ❑ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

    ❑ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

12. **Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

    ❑ No
    ❑ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

        **Why does the property need immediate attention?**  (*Check all that apply.*)

        ❑ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.
           What is the hazard? _____

        ❑ It needs to be physically secured or protected from the weather.

        ❑ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

        ❑ Other _____

        **Where is the property?** _____
                                            Number      Street

                                      _____

                                      _____  _____  _____
                                      City                                State  ZIP Code

        **Is the property insured?**

        ❑ No
        ❑ Yes. Insurance agency _____
               Contact name _____
               Phone _____

---

■ **Statistical and administrative information**

Debtor _____    Case number (*if known*)_____
       *Name*

| | | |
|---|---|---|
| **13. Debtor's estimation of available funds** | *Check one:*<br>☐ Funds will be available for distribution to unsecured creditors.<br>☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors. | |

| | | | |
|---|---|---|---|
| **14. Estimated number of creditors** | ☐ 1-49<br>☐ 50-99<br>☐ 100-199<br>☐ 200-999 | ☐ 1,000-5,000<br>☐ 5,001-10,000<br>☐ 10,001-25,000 | ☐ 25,001-50,000<br>☐ 50,001-100,000<br>☐ More than 100,000 |
| **15. Estimated assets** | ☐ $0-$50,000<br>☐ $50,001-$100,000<br>☐ $100,001-$500,000<br>☐ $500,001-$1 million | ☐ $1,000,001-$10 million<br>☐ $10,000,001-$50 million<br>☐ $50,000,001-$100 million<br>☐ $100,000,001-$500 million | ☐ $500,000,001-$1 billion<br>☐ $1,000,000,001-$10 billion<br>☐ $10,000,000,001-$50 billion<br>☐ More than $50 billion |
| **16. Estimated liabilities** | ☐ $0-$50,000<br>☐ $50,001-$100,000<br>☐ $100,001-$500,000<br>☐ $500,001-$1 million | ☐ $1,000,001-$10 million<br>☐ $10,000,001-$50 million<br>☐ $50,000,001-$100 million<br>☐ $100,000,001-$500 million | ☐ $500,000,001-$1 billion<br>☐ $1,000,000,001-$10 billion<br>☐ $10,000,000,001-$50 billion<br>☐ More than $50 billion |

### Request for Relief, Declaration, and Signatures

**WARNING --** Bankruptcy fraud is a serious crime.  Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  _____
              MM   /  DD  / YYYY

✘ _____/s/ Joseph Marchese_____        _____
Signature of authorized representative of debtor        Printed name

Title _____

Debtor _____    Case number (*if known*)_____
        Name

**18. Signature of attorney**

✖ __/s/ M. Blake Cleary_____ Date _____
    Signature of attorney for debtor                              MM  / DD  / YYYY

_____
Printed name

_____
Firm name

_____
Number     Street

_____    _____ _____
City                                                      State       ZIP Code

_____     _____
Contact phone                                    Email address

_____ _____
Bar number                                            State

## Rider

## Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor

On the date hereof, each of the entities below (collectively, the "Debtors") filed a petition in the United States Bankruptcy Court for the District of Delaware for relief under chapter 11 of title 11 of the United States Code. The Debtors have moved for joint administration of these cases under the case number assigned to the chapter 11 case of The Rockport Company, LLC.

- CB Marathon Midco, LLC
- CB Footwear Services, LLC
- Rockport IP Holdings, LLC
- The Rockport Company, LLC
- Rockport UK Holdings Ltd.

# ACTION BY WRITTEN CONSENT OF THE
# SOLE MEMBER OF
# THE ROCKPORT COMPANY, LLC

The undersigned, being the sole member (the "Member") of **THE ROCKPORT COMPANY, LLC**, a Delaware limited liability company (the "Company"), hereby adopt the following resolutions by written consent:

**WHEREAS**, the Member has considered presentations by the management and the financial and legal advisors to the Company regarding, among other things, the liabilities, assets and liquidity of the Company, the strategic alternatives available to the Company and the potential impact (financial and otherwise) of the foregoing on the Company's business, creditors, and other parties in interest;

**WHEREAS**, the Member appointed Joseph Marchese of PKF Clear Thinking as Chief Restructuring Officer ("CRO") on May 1, 2023;

**WHEREAS**, the Member has been presented with a proposed petition and related documents to be filed by the Company in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") seeking relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") as a debtor in possession and thereby commencing a chapter 11 bankruptcy case for the Company (the "Bankruptcy Case");

**WHEREAS**, the Member, having had a series of meetings to consider the financial and operational aspects of the Company's business and the best course of action to maximize value, having received financial and other input from management and its advisors, having had the opportunity to review and consider the same, and having pursued and considered various alternatives, has determined in the exercise of its business judgment that given the current facts and circumstances confronting the Company, it is advisable and in the best interests of the Company, its creditors, and other interested parties that a petition be filed by the Company seeking relief under the provisions of chapter 11 of the Bankruptcy Code and commencing the Bankruptcy Case;

**WHEREAS**, in connection with and in furtherance of the Bankruptcy Case and upon the advice of the CRO and counsel, the Member desires to enter into certain agreements, including, but not limited to, the Transition Services Agreement, the Wells Fargo DIP Financing Agreement, and the Callodine DIP Financing Agreement, (each as defined herein), the material terms of each of which have been presented to and approved by the Member, and each of which agreements the Member has determined, in the exercise of its business judgment, to be advisable and in the best interests of the Company, its creditors, and other interested parties;

**NOW, THEREFORE, BE IT:**

**RESOLVED**, that in the judgment of the Member, upon the advice of counsel and the CRO, it is desirable and in the best interests of the Company, its creditors, employees, stakeholders, and other interested parties that a voluntary petition be filed by the Company seeking relief under the provisions of chapter 11 of the Bankruptcy Code, and the filing of such petition to commence the Bankruptcy Case is authorized hereby; and it is further

**RESOLVED**, that the CRO (the "Officer"), be, and hereby is, authorized and empowered, on behalf of and in the name of the Company, to execute and verify a petition in the name of the Company under chapter 11 of the Bankruptcy Code and to cause the same to be filed in the Bankruptcy Court in such form and at such time as the Officer executing said petition on behalf of the Company shall determine; and it is further

**RESOLVED**, that the Officer, be, and hereby is, authorized and empowered, on behalf of and in the name of the Company, to execute, verify and/or file, or cause to be executed, verified and/or filed (or direct others to do so on their behalf as provided herein) all necessary documents, including, without limitation, all petitions, affidavits, statements, schedules, motions, lists, applications, pleadings, and other papers required to file the petition in the Bankruptcy Court and commence the Bankruptcy Case, to employ and retain all assistance by legal counsel, accountants, or other professionals to represent the Company in the Bankruptcy Case, to take any and all action which they deem necessary and proper to maintain the ordinary course operation of the Company's business during the pendency of the Bankruptcy Case, to take all action necessary or proper in connection with obtaining Bankruptcy Court authorization to use cash collateral and/or obtain post-petition financing ("DIP Financing"), and to seek the relief contemplated by "first day" and/or "second day" motions as necessary to maintain ordinary course operations; and it is further

**RESOLVED**, that in connection with the DIP Financing, the Officer shall be, and hereby is, authorized, directed, and empowered, in the name and on behalf of the Company, to execute and deliver, and to cause the performance of the Company's obligations under, each of (i) that certain Ratification and Amendment Agreement, by and among the Company, Wells Fargo Bank, National Association and the other parties thereto, in the form and with such changes thereto as the Officer shall approve, its approval to be conclusively evidenced by its execution of such document in the name and on behalf of the Company (including all exhibits thereto, the "Wells Fargo DIP Financing Agreement"), and (ii) that certain Ratification and Amendment Agreement, by and among the Company, Callodine Commercial Finance, LLC and the other parties thereto, in the form and with such changes thereto as the Officer shall approve, its approval to be conclusively evidenced by its execution of such document in the name and on behalf of the Company (including all exhibits thereto, the "Callodine DIP Financing Agreement"); and it is further

**RESOLVED**, that the Officer, be, and hereby is, authorized and empowered, on

behalf of and in the name of the Company, to retain and employ professionals to render services to the Company in connection with the Bankruptcy Case, including, without limitation, Potter Anderson & Corroon LLP, to act as chapter 11 counsel; Stifel Financial Corp. to act as investment banker; PKF Clear Thinking to provide additional personnel to support the CRO; and Epiq Corporate Restructuring, LLC to act as claims and noticing agent and administrative advisor; and it is further

**RESOLVED**, that the Officer shall be, and hereby is, authorized, directed, and empowered, in the name and on behalf of the Company, to execute and deliver, and to cause the performance of the Company's obligations under, that certain Transition Services Agreement, by and among the Company, CB Footwear Services, LLC, Reef Lifestyle, LLC and its subsidiaries party thereto, and the other parties thereto, in the form and with such changes thereto as the Officer shall approve, its approval to be conclusively evidenced by its execution of such document in the name and on behalf of the Company (including all schedules, exhibits, and annexes thereto, the "<u>Transition Services Agreement</u>"); and it is further

**RESOLVED**, that in connection with the Bankruptcy Case, the Officer shall be, and hereby is, authorized, directed, and empowered, in the name of and on behalf of the Company, to file a motion and related bidding procedures to continue marketing the Company's assets, and commence a bidding and sale process for the Company's assets and pursue negotiations with any interested parties regarding a sale of such assets pursuant to section 363 of the Bankruptcy Code; provided, however, any decision to accept an offer to purchase the Company's assets shall be subject to further approval by the Member; and it is further

**RESOLVED,** that in connection with the Bankruptcy Case, in the judgment of the Member, and upon the advice of counsel and the CRO, it is desirable and in the best interests of the Company, its creditors, employees, stakeholders, and other interested parties to approve bidding procedures (together with any exhibits and other attachments annexed thereto, the "<u>Bidding Procedures</u>") on terms and conditions substantially similar to those set forth in the form of Bidding Procedures previously provided to the Member (with such changes as may be approved pursuant to the delegation set forth herein) subject to approval by the Bankruptcy Court; and it is further

**RESOLVED,** that the Officer shall be, and hereby is, authorized, directed, and empowered, in the name and on behalf of the Company to approve the form, terms, and provisions of the Bidding Procedures and the execution, delivery, and performance thereof and the consummation of the transactions contemplated thereunder by the Company, including, without limitation, the amount of and the making of any payments to be made in connection therewith; and it is further

**RESOLVED**, that the Officer shall be, and hereby is, authorized, directed, and empowered, in the name and on behalf of the Company, to cause such Company to enter into, execute, deliver, certify, file and/or record, and perform the obligations arising under, the

Bidding Procedures together with such other documents, agreements, instruments, notices, and certificates as may be required by the Bidding Procedures; and it is further

**RESOLVED**, that the Officer, be, and hereby is, authorized and empowered, on behalf of and in the name of the Company, to amend, supplement or otherwise modify from time to time the terms of any documents, certificates, instruments, agreements, financing statements, notices, undertakings, or other writings referred to in the foregoing resolutions; and it is further

**RESOLVED**, that the Officer be, and hereby is, authorized and empowered, on behalf of and in the name of the Company, to take or cause to be taken any and all such further action and to execute, deliver, verify, and/or file, or cause to be executed, delivered, verified and/or filed (or direct others to do so on its behalf as provided herein) all such further documents, agreements, instruments, financing statements, notices, undertakings, certificates, and other writings to effectuate the purpose and intent of any and all of the foregoing resolutions; and it is further

**RESOLVED**, that all acts lawfully done or actions lawfully taken by any Officer to seek relief on behalf of the Company under chapter 11 of the Bankruptcy Code, or in connection with the ordinary course operations of the Company during the Bankruptcy Case, or any matter related thereto, in connection with the Company's ordinary course operations be, and hereby are, adopted, ratified, confirmed, and approved in all respects as the acts and deeds of the Company as fully as if such actions had been presented to the Member for its prior approval; and it is further

**RESOLVED**, that the Officer be, and hereby is, authorized and empowered, on behalf of and in the name of the Company, to pay and direct the payment of all fees and expenses permitted under applicable law as in their judgment shall be necessary, appropriate, or advisable in the good faith judgment of such Officer to effectuate the purpose and intent of any and all of the foregoing resolutions.

[SIGNATURE PAGE FOLLOWS]

This Action by Written Consent shall be filed with the minutes of the proceedings of the Member of the Company.

The undersigned have executed this **ACTION BY WRITTEN CONSENT** as of the date set forth opposite his or her name below. Any copy, facsimile, .PDF, or other reliable reproduction of this Action by Written Consent may be substituted or used in lieu of the original writing for any and all purposes for which the original writing could be used, provided that such copy, facsimile, .PDF, or other reproduction be a complete reproduction of the entire original writing.

                                                      **SOLE MEMBER OF THE COMPANY**
                                                      **THE ROCKPORT COMPANY, LLC:**

                                                      **CB MARATHON MIDCO, LLC**

Dated: June 12, 2023                         By: _____
                                                        Name: Timothy R. Pohl
                                                         Title: Member

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| The Rockport Company, LLC, *et al.*,[1] | Case No. 23-[_____] ([____]) |
| Debtors. | (Joint Administration Requested) |

**COMBINED CORPORATE OWNERSHIP STATEMENT PURSUANT TO
FEDERAL RULES OF BANKRUPTCY PROCEDURE 1007 AND 7007.1**

Pursuant to rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, The Rockport Company, LLC and certain of its affiliates, who are or may be debtors and debtors in possession in the above-captioned cases (each a "Debtor" and collectively, the "Debtors"), hereby state as follows:

1. A list of the Debtors' equity interest holders owning more than 5%, their addresses, and the nature of their equity interests is below.[2] No publicly traded corporation owns more than 10% of the Debtors' equity interests.

2. Debtor The Rockport Company, LLC is 100% owned by Debtor CB Marathon Midco, LLC, located at 1220 Washington Street, West Newton, MA 02465.

3. Debtor Rockport IP Holdings, LLC is 100% owned by Debtor CB Marathon Midco, LLC, located at 1220 Washington Street, West Newton, MA 02465.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal taxpayer identification number, are: The Rockport Company, LLC (5670); CB Marathon Midco, LLC (6498); Rockport IP Holdings, LLC (6809); CB Footwear Services, LLC (6826); and Rockport UK Holdings Ltd. (3108). The Debtors' mailing address is: 1220 Washington Street, West Newton, MA 02465.

[2] The Debtors reserve the right to supplement or amend the list of the Debtors' equity interest holders within fourteen days of the date hereof, pursuant to rule 1007(a)(3) of the Federal Rules of Bankruptcy Procedure.

4. Debtor CB Marathon Midco, LLC is 100% owned by CB Marathon Holdings, LLC, located at 1220 Washington Street, West Newton, MA 02465.

5. Debtor CB Footwear Services, LLC is 100% owned by CB Marathon Holdings, LLC, located at 1220 Washington Street, West Newton, MA 02465.

6. Debtor Rockport UK Holdings Ltd. is 100% owned by Debtor The Rockport Company, LLC, located at 1220 Washington Street, West Newton, MA 02465.

| Fill in this information to Identify the case: | |
|---|---|
| Debtor Name:   The Rockport Company, LLC, et al. | ☐ Check if this is an amended filing |
| United States Bankruptcy Court for the:   District of Delaware | |
| Case Number (If known): | |

## Official Form 204

### Chapter 11 or Chapter 9 Cases: Consolidated List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders                    12/15

A consolidated list of creditors holding the 20 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 20 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | STELLA INTL TRADING (MACAO COMMERCE) 26-54B AVENIDA DE MARCIANO BAPTISTA MACAU  528244 CHINA | PHONE: +852 29561339 FAX: +852 29561383 ACCOUNTS.RECEIVABLE@STELLA.COM.HK | TRADE PAYABLE | | | | $24,074,036.79 |
| 2 | MAERSK WAREHOUSING AND DISTRIBUTION 2240 E MAPLE AVE EL SEGUNDO, CA  90245-6507 | PHONE: 562-741-1300 FAX: 310-221-0217 AR-REMITTANCE@PERFORMANCETEAM.NET | TRADE PAYABLE | | | | $10,860,382.98 |
| 3 | EAST MOUNT SHOES LTD F202 HUIFUN INTERNATIONAL DONGGUAN  190 528000 CHINA | PHONE: 201-270-4600 FAX: 201-226-0870 HEBE@CHINA.EASTMOUNTSHOES.COM/TW | TRADE PAYABLE | | | | $6,918,510.39 |
| 4 | FARIDA SHOES PVT LTD 17, 290/7E/1, JALAL ROAD AMBUR  22 635802 INDIA | CONTACT: IRSHAD AHMED MECCA, MANAGING DIRECTOR PHONE: +91-4174 244301 FAX: +91-4174 244303 FSPL_INVOICE@FARIDA.CO.IN | TRADE PAYABLE | | | | $2,563,681.10 |
| 5 | ASTON SHOES PVT. LTD S.F.NO.8/2, M.C. ROAD AMBUR  22 635802 INDIA | PHONE: +91-4174 244 660 FAX: +91-4174 244303 ASTONEXPORTS@FARIDA.IN | TRADE PAYABLE | | | | $2,554,933.81 |
| 6 | HK LONGTOP LIMITED FLAT C, 23/F, LUCKY PLAZA HONG KONG  999077 HONG KONG | PHONE: +852 6170 9851 OWEN@LONGTOPHK.COM | TRADE PAYABLE | | | | $2,510,406.86 |

Official Form 204        Chapter 11 or Chapter 9 Cases: Consolidated List of Creditors Who Have the 20 Largest Unsecured Claims        Page 1

Debtor: The Rockport Company, LLC, et al.                                   Case Number (if known):

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 7  CHUNG JYE SHOES HOLDINGS LIMITED NO.628, SEC.4,CHUNG CHIN ROAD TAICHUNG  000 TAIWAN | PHONE: +886-4-25661116 FAX: +886-4-25680836 | TRADE PAYABLE | | | | $1,887,601.32 |
| 8  EXPOLANKA USA, LLC 230-79 INTERNATIONAL AIRPORT CENTER SUITE 800 SPRINGFIELD GARDENS, NY  11413-4115 | PHONE: 305-330-6853 FAX: 305-436-7700 USA-JFK-ACCOUNTS@EFL.GLOBAL | TRADE PAYABLE | | | | $1,749,504.42 |
| 9  INTUNE LOGISTICS 208 ADLEY WAY GREENVILLE, SC  29607-6511 | PHONE: 864-558-8014 FINANCE@INTUNELOGISTICS.COM | TRADE PAYABLE | | | | $1,468,407.63 |
| 10  INDUSTRIA DE CALCADOS KISSOL LTDA RUA IRMAOS ANTUNES 813 FRANCA  14405-445 BRAZIL | PHONE: +55 16 3713-5288 | TRADE PAYABLE | | | | $1,389,222.17 |
| 11  META PLATFORMS, INC. 1601 WILLOW ROAD MENLO PARK, CA  94025-1452 | PHONE: 650-308-7300 FAX: 650-560-6293 AR@FB.COM | TRADE PAYABLE | | | | $1,214,058.04 |
| 12  INDUSTRIA DE CALCADOS KARLITOS LTDA RUA BENEDITO MERLINO FRANCA, SP  14405-448 BRAZIL | PHONE: +55 16 3713-6800 FAX: +55 16 3724-5310 EXPORTACAO@KARLITOS.COM.BR | TRADE PAYABLE | | | | $1,183,493.26 |
| 13  BSF CONSULTING LLC 50 CEDAR CREST LN SUFFIELD, CT  06078-1248 | CONTACT: BRIAN S FINNIGAN, PRESIDENT PHONE: 802-660-9393 BRIAN@BSFCONSULT.COM | TRADE PAYABLE | | | | $1,085,495.33 |
| 14  CALLIDUS SHOEMAKERS PVT LTD NO.2/2A M C ROAD KULITHIGAI VILLAGE AMBUR TALUK  22 635804 INDIA | PHONE: +91 70944 87447 ANNAMALAI@CALLIDUSSHOES.COM | TRADE PAYABLE | | | | $796,342.56 |
| 15  SPRINGBOK DESIGNS LIMITED THE THIRD FLOOR, NOB BUILDING DONGGUAN  190 523170 CHINA | TARIQ@GREATFORTUNES.CN | TRADE PAYABLE | | | | $598,588.77 |
| 16  VIRTUSTREAM GROUP HOLDINGS, INC. 8444 WESTPARK DRIVE SUITE 900 MC LEAN, VA  22102-5125 | PHONE: 703-970-5008 VSFINANCE@VIRTUSTREAM.COM | TRADE PAYABLE | | | | $527,424.91 |
| 17  RJ CONSULTING, INC. 1215 N 48TH ST SEATTLE, WA  98103-6625 | CONTACT: RICHARD S YU, OWNER PHONE: 201-435-7152 RICHYU88@HOTMAIL.COM | TRADE PAYABLE | | | | $516,320.00 |
| 18  MAERSK CUSTOMS SERVICES USA INC. 180 PARK AVENUE FLORHAM PARK, NJ  07932-1054 | PHONE: 617-737-5100 FAX: 305-553-0806 PAYMENTS.MCSI.NAM@MAERSK.COM | TRADE PAYABLE | | | | $423,222.91 |

Debtor: The Rockport Company, LLC, et al.    Case Number (if known):

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim  If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 19  30 WEST CONSULTING, LLC  81 BROAD STREET  WETHERSFIELD, CT  06109-3104 | CONTACT: PETER HILL  PETER@30WESTCONSULTING.COM | TRADE PAYABLE | | | | $421,172.76 |
| 20  GREENFIELD SHOES CO., LTD.  5/F, BUILDING 18  XIAMEN  150 361002  CHINA | PHONE: +8615392424788  KATHERINE.ZH@GREENFIELDSHOES.COM | TRADE PAYABLE | | | | $367,881.24 |

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| The Rockport Company, LLC, *et al.*,[1] | Case No. 23-[_____] ([_____]) |
| Debtors. | (Joint Administration Requested) |

## CERTIFICATION OF DEBTORS' CREDITOR MATRIX

In accordance with rule 1007(a) of the Federal Rules of Bankruptcy Procedure and rule 1007-2(a) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), a list of creditors (the "Creditor Matrix") of the above-captioned debtors and debtors in possession (the "Debtors") is filed by attachment hereto.

The Creditor Matrix has been prepared from the Debtors' books and records. The undersigned, Joseph Marchese, Chief Restructuring Officer of the Debtors, hereby certifies that the Creditor Matrix contains the names and addresses of all creditors of the Debtors that could be ascertained after diligent inquiry, based on a review of the Debtors' books and records and is consistent with the information contained therein. To the extent practicable, the Creditor Matrix complies with Local Rule 1007-1(a). The Debtors reserves the right to amend or supplement the Creditor Matrix as necessary.

Although the information contained in the Creditor Matrix is based on a review of the Debtors' books and records, the Debtors have not completed a comprehensive legal and/or factual

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal taxpayer identification number, are: The Rockport Company, LLC (5670); CB Marathon Midco, LLC (6498); Rockport IP Holdings, LLC (6809); CB Footwear Services, LLC (6826); and Rockport UK Holdings Ltd. (3108). The Debtors' mailing address is: 1220 Washington Street, West Newton, MA 02465.

2

investigation with regard to possible defenses of the Debtors and their estates to any claims of the potential claimants included in the Creditor Matrix.  In addition, certain of the parties included in the Creditor Matrix may not hold outstanding claims as of the date hereof, and therefore may not be creditors of the Debtors and their estates for purposes of these chapter 11 cases.  Therefore, the Creditor Matrix does not and should not be deemed or otherwise construed to constitute either (i) a waiver of any defense of the Debtors and their estates to any claim that may be asserted against the Debtors and their estates or (ii) an acknowledgement or admission of the validity, priority, or amount of any claim that may be asserted against the Debtors and their estates.

Dated:  June 14, 2023

*/s/ Joseph Marchese*

Joseph Marchese
Chief Restructuring Officer

**Fill in this information to identify the case and this filing:**

Debtor Name  The Rockport Company, LLC

United States Bankruptcy Court for the: _____  District of Delaware
(State)

Case number (*If known*): _____

# Official Form 202
## Declaration Under Penalty of Perjury for Non-Individual Debtors     12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

**WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.**

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- ❏ *Schedule A/B: Assets-Real and Personal Property* (Official Form 206A/B)
- ❏ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
- ❏ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
- ❏ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
- ❏ *Schedule H: Codebtors* (Official Form 206H)
- ❏ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
- ❏ Amended *Schedule*
- ☒ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
- ☒ Other document that requires a declaration: **Combined Corporate Ownership Statement and Certification of Debtors' Creditor Matrix**

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: 06/14/2023
MM / DD / YYYY

✗ /s/ Joseph Marchese
Signature of individual signing on behalf of debtor

Joseph Marchese
Printed name

Chief Restructuring Officer
Position or relationship to debtor

Official Form 202         Declaration Under Penalty of Perjury for Non-Individual Debtors