## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| The Rockport Company, LLC, *et al.*, | Case No. 23-10774 ([__]) |
| Debtors. [1] | (Joint Administration Requested) |

## DEBTORS' MOTION FOR ENTRY OF AN ORDER
## (I) RESTATING AND ENFORCING THE WORLDWIDE AUTOMATIC
## STAY, ANTI-DISCRIMINATION PROVISIONS, AND *IPSO FACTO*
## PROTECTIONS OF THE BANKRUPTCY CODE; (II) APPROVING THE
## FORM AND MANNER OF NOTICE; AND (III) GRANTING RELATED RELIEF

The above-captioned debtors and debtors in possession (collectively, the "Debtors"), seek entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), (i) restating and enforcing the worldwide automatic stay, anti-discrimination provisions, and *ipso facto* protections of the Bankruptcy Code (as defined below) (collectively, the "Code Protections"), (ii) approving the form and manner of notice related thereto, substantially in the form attached as **Exhibit 1** to the Proposed Order (the "Notice"), and (iii) granting related relief. In support of this motion (this "Motion"), the Debtors respectfully state as follows:

## JURISDICTION AND VENUE

1. The United States Bankruptcy Court for the District of Delaware (this "Court") has jurisdiction over the above-captioned chapter 11 cases (these "Chapter 11 Cases"), the Debtors, property of the Debtors' estates, and these matters under 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of*

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal taxpayer identification number, are: The Rockport Company, LLC (5670); CB Marathon Midco, LLC (6498); Rockport IP Holdings, LLC (6809) CB Footwear Services, LLC (6826); and Rockport UK Holdings Ltd. (3108). The Debtors' mailing address is: 1220 Washington Street, West Newton, MA 02465.

*Delaware*, dated February 29, 2012.  This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A).

2.      Pursuant to rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "<u>Local Rules</u>"), the Debtors consent to the entry of a final judgment or order with respect to this Motion if it is determined that this Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

3.      Venue of these Chapter 11 Cases in this district is proper under 28 U.S.C. §§ 1408 and 1409.

4.      The statutory bases for the relief requested herein are sections 105(a), 362, 365, and 525 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "<u>Bankruptcy Code</u>"), rules 1007 and 2002 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"), and Local Rule 9013-1(m).

## <u>GENERAL BACKGROUND</u>

5.      On the date hereof (the "<u>Petition Date</u>"), each of the Debtors filed a voluntary petition for relief pursuant to chapter 11 of the Bankruptcy Code.  The Debtors have also filed a motion requesting joint administration of these Chapter 11 Cases pursuant to Bankruptcy Rule 1015(b).  The Debtors are operating their businesses and managing their properties, as debtors in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.  No request for the appointment of a trustee or examiner has been made, and no official committees have been appointed in these Chapter 11 Cases.

6.      The Debtors, together with their non-Debtor subsidiaries (the "<u>Rockport Group</u>"), are a leading global designer, distributor, and retailer of comfort footwear around the world. The

Rockport Group's classic, non-seasonal, and timeless multi-branded portfolio includes Rockport®, Cobb Hill®, and Dunham® products, and well-known product lines such as Prowalker and Total Motion. In the United States, the Rockport Group's products are sold direct-to-consumer via the Debtors' websites www.rockport.com, www.cobbhill.com, and www.dunham.com, e-commerce platforms such as Amazon and Zappos, and retailers' physical and online stores, including DSW, Macy's, Nordstrom Rack, and Rack Room Shoes. Internationally, the Rockport Group has over 1,200 points of sale including retail stores and distributor partners covering over 65 countries.

7.      Additional factual background regarding the Debtors, including their business operations, their corporate and capital structure, and the events leading to the filing of these Chapter 11 Cases is set forth in detail in the *Declaration of Joseph Marchese in Support of the Debtors' Chapter 11 Petitions and First Day Pleadings* (the "First Day Declaration"), which is incorporated by reference herein.[2]

## FACTS RELEVANT TO THIS MOTION

8.      The Debtors operate one of the world's largest global footwear brands. As of the Petition Date, the Debtors have approximately 30 distributor partners covering 65 countries with more than 1,200 points of sale including wholesale, e-commerce, concept stores, concession corners, and factory outlets. The Debtors top markets are China, Japan, United Kingdom, and Hong Kong. Additionally, certain distributor partners located in the United Kingdom, Ireland, Japan, and China have licensing rights to manufacture a limited array of products. The Debtors source their inventory from numerous manufacturers located in China, India, Bangladesh, Vietnam, and Brazil, which have collectively manufactured over 4.8 million pairs of shoes in 2022.

---

[2]   Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the First Day Declaration.

9.    The Debtors therefore rely on certain non-U.S. vendors to continue the uninterrupted flow of merchandise through their supply and distribution network. Without continued support from their non-U.S. vendors, the Debtors would face severe interruptions to their supply chain. Importantly, any disruption to the Debtors' supply chain could result in a significant loss of operational efficiency, decreasing the value of their business, and impairing stakeholder value at the outset of these Chapter 11 Cases.

10.    The Debtors' non-U.S. suppliers, creditors, and contract counterparties may lack meaningful, if any, relationships with the United States, may be unfamiliar with the chapter 11 process, the scope of a debtor in possession's authority to operate its business, and/or the importance and implications of the automatic stay.  Certain of the Debtors' non-U.S. creditors and others may attempt to seize assets located outside of the United States or take other actions violating the automatic stay to the detriment of the Debtors, their estates, and creditors.  By this Motion, the Debtors seek to better inform non-U.S. creditors of the automatic stay and other protections of the Bankruptcy Code, thereby deterring adverse action.

11.    Additionally, the Debtors are party to certain executory contracts with non-U.S. counterparties who may attempt to terminate such contracts upon the commencement of these Chapter 11 Cases pursuant to *ipso facto* provisions, in violation of sections 362, 365, and 525 of the Bankruptcy Code. Similarly, governmental units outside the United States may attempt to deny, suspend, terminate, or otherwise place conditions upon certain licenses, permits, charters, or other similar grants required for the Debtors' ongoing business operations, violating section 525 of the Bankruptcy Code.

12.    The Debtors seek the relief requested herein out of an abundance of caution and to assist them in most effectively informing non-U.S. creditors of the broad protections offered by

the Bankruptcy Code. For the avoidance of doubt, the Debtors do not seek to expand or enlarge the rights afforded to them under the Bankruptcy Code through this Motion.  Instead, the Debtors seek to affirm those rights and submit that an order from this Court will protect the Debtors against improper actions taken by, and provide clarity for, non-U.S. parties in interest.

## **BASIS FOR RELIEF**

**I.      Confirming the Protections of the Automatic Stay in Section 362 of the Bankruptcy Code.**

13.      As a result of the commencement of these Chapter 11 Cases, the automatic stay imposed pursuant to section 362 of the Bankruptcy Code generally enjoins all persons and governmental units from, among other things: (a) commencing or continuing any judicial, administrative, or other proceeding against any of the Debtors that was or could have been commenced prior to the Petition Date; (b) taking any action to collect, assess, recover, or otherwise enforce a claim against any of the Debtors that arose prepetition; and (c) acting to obtain possession of, or exercise control over, property of the Debtors' estates.  *See* 11 U.S.C. §§ 362(a)(1), (3), (6).

14.      The injunction contained in section 362 of the Bankruptcy Code is a core protection for the Debtors, providing them with a breathing spell from their creditors, which, in combination with other provisions of the Bankruptcy Code, is essential to the Debtors' ability to reorganize successfully.  *See, e.g.*, *Borman v. Raymark Indus., Inc.*, 946 F.2d 1031, 1033 (3d Cir. 1991) ("The automatic stay was intended to give the debtor 'a breathing spell from his creditors.'") (internal citations omitted)); *Mar. Elec. Co., Inc. v. United Jersey Bank*, 959 F.2d 1194, 1204 (3d Cir. 1991) (finding that the automatic stay gives debtors a breathing spell from creditors); *Assoc. of St. Croix Condominium Owners v. St. Croix Hotel Corp.*, 682 F.2d 446, 448 (3d Cir. 1982) (same).  The automatic stay becomes effective immediately upon the filing of a bankruptcy case, and applies both in the United States and extraterritorially.  *See In re Soundview Elite, Ltd.*, 503 B.R. 571, 584

5

(Bankr. S.D.N.Y. 2014) ("U.S. law is clear that immediately upon the filing of the Debtors' chapter 11 petition, the U.S. automatic stay became effective, both in the U.S. and extraterritorially.") (internal citations omitted)).  Given its fundamental importance to a debtor's reorganization, courts broadly construe the Bankruptcy Code's automatic stay provisions, which apply worldwide.  *See*, *e.g.*, *Hong Kong & Shanghai Banking Corp. v. Simon (In re Simon)*, 153 F.3d 991, 996 (9th Cir. 1998) (noting that Congress intended extraterritorial application of the Bankruptcy Code); *In re NextWave Pers. Commc'ns. Inc.*, 244 B.R. 253, 271 (Bankr. S.D.N.Y. 2000) ("The automatic stay is broadly written and broadly construed."); *Secs. Investor Prot. Corp. v. Bernard L. Madoff Inv. Secs. LLC (In re Bernard L. Madoff Inv. Secs. LLC)*, 474 B.R. 76 (S.D.N.Y. 2012) (upholding extraterritorial enforcement of the automatic stay and injunction barring foreign creditor's lawsuit); *Nakash v. Zur (In re Nakash)*, 190 B.R. 763, 768 (Bankr. S.D.N.Y. 1996) (noting that Congress intended automatic stay to apply extraterritorially).

15.     Thus, the automatic stay established by section 362 of the Bankruptcy Code applies to both the Debtors' foreign and domestic creditors, regardless of location, and creditors that violate the automatic stay may face sanctions by the Court.  Domestic and foreign creditors unfamiliar with the automatic stay or the scope thereof, however, may attempt to proceed against the Debtors' worldwide property, business, operations, or assets despite the commencement of these Chapter 11 Cases and the potential sanctions.  Any such unilateral self-help action would adversely affect the Debtors' operations and potentially jeopardize the Debtors' reorganization efforts, resulting in irreparable harm to the Debtors' estates and parties in interest.  Accordingly, the Debtors believe that a Court order is necessary and appropriate to ensure creditor compliance with the automatic stay.

10863149v.2

II.     **Confirming the Injunction of Governmental Action Under Section 525 of the Bankruptcy Code.**

16.     Additionally, section 525 of the Bankruptcy Code prohibits governmental units from, among other things:  (a) denying, revoking, suspending, or refusing to "renew a[ny] license, permit, charter, franchise, or other similar grant" to the Debtors; (b) placing conditions upon such a grant to the Debtors; or (c) discriminating against the Debtors with respect to such a grant, solely because the Debtors are debtors under the Bankruptcy Code, may have "been insolvent before the commencement" of these Chapter 11 Cases, or are insolvent during the pendency of these Chapter 11 Cases.  *See* 11 U.S.C. § 525(a); *see also FCC v. NextWave Pers. Commc'ns Inc.*, 537 U.S. 293, 307 (2003) ("The government is not to revoke a bankruptcy debtor's license [under section 525(a) of the Bankruptcy Code] solely because of a failure to pay his debts.").  The Bankruptcy Code includes in the definition of "governmental unit" a foreign state, a department, agency, or instrumentality of a foreign state, and other foreign governments.  *See* 11 U.S.C. § 101(27).  The Debtors do business with certain foreign states, and any actions by such states in violation of section 525 of the Bankruptcy Code would adversely affect the Debtors' operations and efforts to maximize value through these Chapter 11 Cases.  Accordingly, the Debtors believe a Court order prohibiting any such actions is necessary and appropriate to ensure that foreign states, unfamiliar with the Bankruptcy Code, do not discriminate against the Debtors.

III.    **Confirming the Invalidation of *Ipso Facto* Provisions Under Section 365 of the Bankruptcy Code and Other Contractual Rights.**

17.     Courts have held that the automatic stay under section 362 of the Bankruptcy Code precludes unilateral actions by non-debtor parties to terminate contracts without a court order.  *See*, *e.g.*, *Bonneville Power Admin. v. Mirant Corp. (In re Mirant Corp.)*, 440 F.3d 238 (5th Cir. 2006) (noting that non-debtor termination of agreement was prohibited by the automatic stay and required court approval under section 362(d)).  Moreover, "[c]ourts have consistently held that

contract rights are property of the estate." *In re Enron Corp.*, 300 B.R. 201, 212 (Bankr. S.D.N.Y. 2003) (quoting *Elder-Beerman Stores Corp. v. Thomasville Furniture Indus., Inc. (In re Elder-Beerman Stores Corp.)*, 195 B.R. 1019, 1023 (Bankr. S.D. Ohio 1996)).  As noted above, section 362 of the Bankruptcy Code prohibits third parties from exercising control over property of the estate.  *See* 11 U.S.C. § 362(a).  Accordingly, the Bankruptcy Code prohibits third parties from modifying or terminating contracts absent court approval, subject to certain express statutory exceptions.  *See NLRB v. Bildisco & Bildisco*, 465 U.S. 513, 531 (1984) (holding that while the debtor may enforce the terms of the contract against the creditor, the creditor is "precluded from. . . enforcing the contract terms" of an executory contract prior to assumption by the debtor).

18.     Specifically, section 365(e)(1)(B) of the Bankruptcy Code prohibits counterparties to debtor contracts from terminating or modifying such contracts, including any right or obligation thereunder, solely because of a provision in such contract or lease that is conditioned on, among other things:  (a) the insolvency or financial condition of a debtor at any time before the closing of the debtor's chapter 11 case; or (b) the commencement of the debtor's chapter 11 case.  *See* 11 U.S.C. § 365(e)(1)(B).  Section 365 of the Bankruptcy Code also prohibits, absent court approval, third parties from enforcing the terms of a contract against the Debtors.  *See Bildisco*, 465 U.S. at 531–32.  Third parties must, therefore, continue to perform under executory contracts until they are assumed or rejected.  *See In re El Paso Refinery, L.P.*, 196 B.R. 58, 72 (Bankr. W.D. Tex. 1996) ("[T]he [Bankruptcy] Code places an independent duty on the non-debtor to continue the performance of an executory contract until it is assumed or rejected.").

19.     Thus, section 365(e) of the Bankruptcy Code invalidates so-called contractual *ipso facto* provisions that provide for the termination of a contract based solely upon a party's financial condition.  Nevertheless, the Debtors believe that, upon learning of the commencement of these

8

Chapter 11 Cases, executory contract counterparties outside of the United States, unfamiliar with the Bankruptcy Code, may try to terminate such executory contracts or unexpired leases pursuant to bankruptcy termination provisions contained therein that, if enforced, are in direct violation of sections 362(a) and 365 of the Bankruptcy Code.  Any such action would harm the Debtors' operations and potentially jeopardize the Debtors' reorganization efforts.  Accordingly, the Debtors believe that a court order is necessary and appropriate to ensure the continuation of the Debtors' contracts.

## IV. Reaffirmation that Each of the Code Protections Is Essential to Orderly Administer the Bankruptcy Estates.

20.     Each of the Code Protections described herein is self-executing and constitutes a fundamental debtor protection that, in combination with other provisions of the Bankruptcy Code, provide the Debtors with the "breathing spell" that is essential to the Debtors' ability to position themselves to maximize and preserve enterprise value for the benefit of stakeholders.  The protections in these provisions extend to a debtor's property, contracts, and regulatory rights and privileges wherever they are located and by whomever they are held.  *See*, *e.g.*, 11 U.S.C. § 541(a) ("The commencement of a case under section 301 . . . of this title creates an estate.  Such estate is comprised of all the following property, *wherever located and by whomever held*[.]") (emphasis added)).

21.     Notwithstanding the self-executing and global nature of these Code Protections, experience has shown that it is often necessary to advise third parties of the existence, scope, and effect of sections 362, 365, and 525 of the Bankruptcy Code through a separate court order.

22.     Such an order is appropriate in these Chapter 11 Cases because the Debtors' operations are dependent upon, among other things, the uninterrupted performance by non-U.S. contract counterparties (including contractual relationships with foreign entities operating in

9

foreign jurisdictions).  The Debtors believe that many of these third parties may be unaware of or misapprehend the scope of the Code Protections.  Accordingly, the Debtors respectfully request that the Court issue the Proposed Order confirming the applicability of these provisions of the Bankruptcy Code.  The Debtors believe that the existence of such an order, which the Debtors will be able to transmit to affected parties, will help ensure that the Debtors receive the protections afforded by sections 362, 365, and 525 of the Bankruptcy Code.

## V.    The Relief Requested Should Be Granted Under Section 105(a) of the Bankruptcy Code.

23.    Pursuant to section 105(a) of the Bankruptcy Code, the Court may issue "any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).  Section 105(a) of the Bankruptcy Code, therefore, authorizes a bankruptcy court to issue injunctions or take other necessary steps in aid of its jurisdiction.  *See*, *e.g.*, *United States v. Sutton*, 786 F.2d 1305, 1307 (5th Cir. 1986); *MacArthur Co. v. Johns- Manville Corp. (In re Johns-Manville Corp.)*, 837 F.2d 89, 93 (2d Cir. 1988).  Such orders are appropriate where, as here, they are essential to a debtor's reorganization efforts and do not burden creditors.  *See In re Momentum Mfg. Corp.*, 25 F.3d 1132, 1136 (2d Cir. 1994) (holding that, as courts of equity, bankruptcy courts are empowered to invoke equitable principles to achieve fairness and justice in the reorganization process).  Thus, the Court has the power to enter an order of the kind requested herein and granting such relief is fully consistent with the Bankruptcy Code and will facilitate the Debtors' smooth and orderly transition into chapter 11.

24.    Granting the relief requested herein will better enable the Debtors to inform non-U.S. creditors, including foreign vendors, and interested parties of debtor protections that may be unfamiliar to them and will help ensure that:  (a) parties to unexpired leases and executory contracts with the Debtors continue to perform their duties and obligations thereunder; (b) creditors are less

likely to seize the Debtors' assets or take other actions violating the automatic stay; and (c) governmental units do not unfairly discriminate or take action against the Debtors, thereby violating the Bankruptcy Code. The relief requested herein will facilitate the Debtors' orderly transition into chapter 11 and minimize the disruption of their business.

25.     Given the vulnerability of the Debtors' business and operations to immediate disruption if any party violates the Code Protections, the Debtors seek authority to immediately serve or file the Notice upon creditors, governmental units, or other regulatory authorities and/or interested parties wherever located substantially in the form attached hereto as **Exhibit 1** to the Proposed Order.

26.     Bankruptcy courts in this jurisdiction and others have entered similar orders restating and enforcing the protections set forth in sections 362, 365, and 525 of the Bankruptcy Code under comparable circumstances. *See*, *e.g.*, *In re Desolation Holdings LLC*, Case No. 23-10597 (BLS) (Bankr. D. Del. May 10, 2023) (restating and enforcing the worldwide automatic stay, anti-discrimination provisions, and ipso facto provisions of the Bankruptcy Code); *In re EHT US1, Inc.*, Case No. 21-10036 (CSS) (Bankr. D. Del. Jan. 18, 2021) (same); *In re Akorn, Inc.*, No. 20-11177 (KBO) (Bankr. D. Del. May 22, 2020) (same); *In re GCX Ltd., et al.*, No. 19-12031 (CSS) (Bankr. D. Del. Sept. 16, 2019) (same); *In re VER Techs. Holdco LLC*, No. 18-10834 (KG) (Bankr. D. Del. May 4, 2018) (same); *In re Maurice Sporting Goods, Inc.*, No. 17-12481 (CSS) (Bankr. D. Del. Nov. 21, 2017) (same).[3] Given the critical importance of ensuring the Debtors' operations are not undermined by noncompliance with U.S. bankruptcy law, similar relief is appropriate here.

---

[3]     Because of the voluminous nature of the orders cited herein, such orders have not been attached to this Motion. Copies of these orders are available upon request.

**WAIVER OF NOTICE AND STAY UNDER BANKRUPTCY RULE 6004**

27.     To the extent that Bankruptcy Rule 6004(a) applies, the Debtors respectfully request a waiver of such notice requirement in order to successfully implement the foregoing requested relief.

28.     The Debtors also request that the Court waive the stay imposed by Bankruptcy Rule 6004(h), which provides that "[a]n order authorizing the use, sale, or lease of property other than cash collateral is stayed until the expiration of 14 days after entry of the order, unless the court orders otherwise." Fed. R. Bankr. P. 6004(h). As described above, the relief that the Debtors seek in this Motion is necessary for the Debtors to operate their businesses without interruption and to preserve value for their estate. Accordingly, the Debtors respectfully request that the Court waive the 14-day stay imposed by Bankruptcy Rule 6004(h), as the exigent nature of the relief sought herein justifies immediate relief.

**NOTICE**

29.     Notice of this motion will be provided to the following parties or their respective counsel: (a) the Office of the United States Trustee; (b) the holders of the twenty (20) largest unsecured claims against the Debtors on a consolidated basis; (c) the DIP Agents; (d) Charlesbank Equity Fund IX, Limited Partnership; (e) Reef; (f) the Internal Revenue Service; (g) the United States Attorney's Office for the District of Delaware; (h) the state attorneys general for all states in which the Debtors conduct business; and (i) any party that has requested notice pursuant to Bankruptcy Rule 2002. As this Motion is seeking "first day" relief, within forty-eight (48) hours of the hearing on this Motion, the Debtors will serve copies of this Motion and any order entered in respect to this Motion as required by Local Rule 9013-1(m). The Debtors respectfully submit that, in light of the nature of the relief requested, no further notice is necessary.

## **CONCLUSION**

WHEREFORE, the Debtors respectfully request that this Court enter the Proposed Order substantially in the form annexed hereto as **Exhibit A**, granting the relief requested herein and such other and further relief as may be just and proper.

Dated:  June 14, 2023              Respectfully submitted,
        Wilmington, Delaware

*/s/ M. Blake Cleary*
M. Blake Cleary (No. 3614)
L. Katherine Good (No. 5101)
Katelin A. Morales (No. 6683)
**POTTER ANDERSON & CORROON LLP**
1313 North Market Street, 6th Floor
Wilmington, Delaware 19801
Telephone: (302) 984-6000
Facsimile:  (302) 658-1192
Email:  bcleary@potteranderson.com
       kgood@potteranderson.com
       kmorales@potteranderson.com

*Proposed Counsel for Debtors and Debtors in Possession*

**<u>Exhibit A</u>**

**Proposed Order**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| The Rockport Company, LLC, *et al.*, | Case No. 23-10774 ([__]) |
| Debtors. [1] | (Joint Administration Requested) |
| | Re: Docket No. _____ |

### ORDER (I) RESTATING AND ENFORCING THE WORLDWIDE AUTOMATIC STAY, ANTI-DISCRIMINATION PROVISIONS, AND *IPSO FACTO* PROTECTIONS OF THE BANKRUPTCY CODE; (II) APPROVING THE FORM AND MANNER OF NOTICE; AND (III) GRANTING RELATED RELIEF

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors"), for entry of an order (this "Order"), pursuant to sections 105(a), 362, 365, and 525 of the Bankruptcy Code, (i) restating and enforcing the worldwide automatic stay, anti-discrimination provisions, and *ipso facto* protections of the Bankruptcy Code (as defined below) (collectively, the "Code Protections"), (ii) approving the form and manner of notice related thereto, substantially in the form attached as **Exhibit 1** to the Order (the "Notice"), and (c) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declaration; and this Court having jurisdiction over this matter in accordance with 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and that this Court may enter a final order consistent with

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal taxpayer identification number, are: The Rockport Company, LLC (5670); CB Marathon Midco, LLC (6498); Rockport IP Holdings, LLC (6809) CB Footwear Services, LLC (6826); and Rockport UK Holdings Ltd. (3108). The Debtors' mailing address is: 1220 Washington Street, West Newton, MA 02465.

[2]    Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

Article III of the United States Constitution; and this Court having found that venue of these Chapter 11 Cases is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein and that such relief is in the best interests of the Debtors, their estates, their creditors and all parties in interest; and upon all of the proceedings had before the Court after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.      The Motion is GRANTED as set forth herein.

2.      Unless otherwise allowed pursuant to a separate order of the Court, subject to section 362 of the Bankruptcy Code, all persons (including individuals, partnerships, corporations, and other entities and all those acting on their behalf) and governmental units, whether of the United States, any state or locality therein or any territory or possession thereof, or any non-U.S. jurisdiction (including any division, department, agency, instrumentality or service thereof, and all those acting on their behalf), are hereby stayed, restrained, and enjoined from:

(a)     commencing or continuing (including the issuance or employment of process) any judicial, administrative, or other action or proceeding against the Debtors that was or could have been commenced before the commencement of the Debtors' Chapter 11 Cases or recovering a claim against the Debtors that arose before the commencement of the Debtors' Chapter 11 Cases;

(b)     enforcing, against the Debtors or against property of their estates, a judgment or order obtained before the commencement of the Debtors' Chapter 11 Cases;

(c)     taking any action, whether inside or outside of the United States, to obtain possession of property of the Debtors' estates, wherever located (including, but not limited to, leased vehicles, leased facilities, and fixtures or tenant improvements to such facilities), or to exercise control over property of the estates or interfere in any way with the conduct by the Debtors of their

2

businesses, including, without limitation, attempts to interfere with deliveries or events or attempts to arrest, seize, or reclaim any equipment, supplies, or all other assets in which the Debtors have legal or equitable interests;

(d)    taking any action to create, perfect, or enforce any lien against the property of the Debtors' estates;

(e)    taking any action to create, perfect, or enforce against property of the Debtors any lien to the extent that such lien secures a claim that arose prior to the commencement of the Debtors' Chapter 11 Cases;

(f)    taking any action to collect, assess, or recover a claim against the Debtors that arose prior to the commencement of the Debtors' Chapter 11 Cases;

(g)    offsetting any debt owing to the Debtors that arose before the commencement of the Debtors' Chapter 11 Cases against any claim against the Debtors; and

(h)    commencing or continuing any proceeding before the United States Tax Court concerning the Debtors, subject to the provisions of 11 U.S.C. § 362(b).

3.    Pursuant to sections 362 and 365 of the Bankruptcy Code, notwithstanding a provision in a contract or lease or any applicable law, all persons are hereby stayed, restrained, and enjoined from terminating or modifying any and all contracts and leases to which the Debtors are party or signatory, at any time after the commencement of these Chapter 11 Cases, because of a provision in such contract or lease that is conditioned on the (a) insolvency or financial condition of the Debtors at any time before the closing of these Chapter 11 Cases or (b) commencement of these Chapter 11 Cases under the Bankruptcy Code.  Accordingly, all such persons are required to continue to perform their obligations under such leases and contracts during the postpetition period.

4.    Pursuant to section 525 of the Bankruptcy Code, all governmental units and other regulatory authorities are prohibited and enjoined from:  (a) denying, revoking, suspending, or refusing to renew any license, permit, charter, franchise, or other similar grant to the Debtors;

(b) placing conditions upon such a grant to the Debtors; or (c) discriminating against the Debtors with respect to such a grant, solely because the Debtors are debtors under the Bankruptcy Code, may have been insolvent before the commencement of these Chapter 11 Cases, or are insolvent during the pendency of these Chapter 11 Cases.

5.     For the avoidance of doubt, this Order does not expand or enlarge the rights afforded to the Debtors and any other party under the Bankruptcy Code, and all such rights are fully preserved.

6.     The form and manner of notice (the "Notice") attached hereto as **Exhibit 1** is approved.  The Debtors are authorized, but not directed, to serve the Notice (including as the Debtors deem necessary, translation thereof) upon creditors, governmental units, or other regulatory authorities and/or interested parties wherever located.

7.     The Debtors are authorized, but not directed, to procure and provide true and correct foreign-language translations of the Motion, this Order, the Notice, or any other materials filed in these Chapter 11 Cases to any foreign party in interest at the Debtors' discretion.

8.     This Order is declarative and is intended to be coterminous with sections 362, 365, and 525 of the Bankruptcy Code.  Nothing herein shall abridge, enlarge, or modify the rights or obligations of any party.

9.     Unless otherwise specified herein or allowed pursuant to a separate order of the Court, any party that desires to modify the automatic stay must file a motion with the United States Bankruptcy Court for the District of Delaware.

10.     Nothing in this Order or the Motion shall constitute a rejection or assumption by the Debtors, as debtors in possession, of any executory contract or unexpired lease.

11.     This Order remains subject to section 362 of the Bankruptcy Code, including its exceptions.

12.     The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

13.     This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order, including taking appropriate remedial action against any persons that violate the relief granted herein outside of the United States, including (to the extent the Court has proper jurisdiction):  (a) holding such persons in contempt; (b) enjoining any such persons from further violations of the automatic stay; or (c) issuing any appropriate sanctions that may be enforced against such persons' assets that are located in the United States or subject to the jurisdiction of the courts of the United States.

14.     Nothing contained in the Motion or this Order, and no action taken pursuant to the relief requested or granted (including any payment made in accordance with this Order), is intended as or shall be construed or deemed to be:  (a) an admission as to the amount of, basis for, or validity of any claim against the Debtors under the Bankruptcy Code or other applicable nonbankruptcy law; (b) a waiver of the Debtors' or any other party in interest's right to dispute any claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication, admission or finding that any particular claim is an administrative expense claim, other priority claim or otherwise of a type specified or defined in the Motion or this Order; (e) a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) an admission as to the validity, priority, enforceability or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; or (g) a waiver or limitation of any claims, causes of action or other rights of the Debtors

or any other party in interest against any person or entity under the Bankruptcy Code or any other applicable law.

.

10863149v.2

**<u>Exhibit 1</u>**

**Notice**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| The Rockport Company, LLC, *et al.*, | Case No. 23-10774 ([__]) |
| Debtors. [1] | (Joint Administration Requested) |

**NOTICE OF ENTRY OF AN ORDER (I) RESTATING AND ENFORCING THE
WORLDWIDE AUTOMATIC STAY, ANTI-DISCRIMINATION PROVISIONS, AND
*IPSO FACTO* PROTECTIONS OF THE BANKRUPTCY CODE, (II) APPROVING THE
FORM AND MANNER OF NOTICE, AND (III) GRANTING RELATED RELIEF**

**PLEASE TAKE NOTICE** that on June 14, 2023 (the "Petition Date"), the above-captioned debtors and debtors in possession (collectively, the "Debtors") filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Court"). The Debtors' Chapter 11 Cases are pending before the Honorable Judge [●], United States Bankruptcy Judge, and are being jointly administered under the lead case *The Rockport Company, LLC*, Case No. 23-10774 ([___]).

**PLEASE TAKE FURTHER NOTICE** that pursuant to section 362(a) of the Bankruptcy Code, the Debtors' filing of their respective voluntary petitions operates as a self-executing, statutory stay or injunction, applicable to all entities, and protects the Debtors from, among other things: (i) the commencement or continuation of a judicial, administrative, or other action or proceeding against the Debtors (a) that was or could have been commenced before the

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal taxpayer identification number, are: The Rockport Company, LLC (5670); CB Marathon Midco, LLC (6498); Rockport IP Holdings, LLC (6809) CB Footwear Services, LLC (6826); and Rockport UK Holdings Ltd. (3108). The Debtors' mailing address is: 1220 Washington Street, West Newton, MA 02465.

commencement of the Debtors' cases or (b) to recover a claim against the Debtors that arose before the commencement of the Debtors' cases; (ii) the enforcement, against the Debtors or against any property of the Debtors' bankruptcy estates, of a judgment obtained before the commencement of the Debtors' cases; or (iii) any act to obtain possession of property of or from the Debtors' bankruptcy estates, or to exercise control over property of the Debtors' bankruptcy estates.[2]

**PLEASE TAKE FURTHER NOTICE** that pursuant to *the Order (I) Restating and Enforcing the Worldwide Automatic Stay, Anti-Discrimination Provisions, and Ipso Facto Protections of the Bankruptcy Code, (II) Approving the Form and Manner of Notice, and (III) Granting Related Relief* (the "Order") [Docket No. [__]], entered on [_____], 2023, and attached hereto as **Exhibit A**, the filing of these Chapter 11 Cases imposed an automatic stay against most collection activities. This means that creditors generally may not take action to collect debts from the Debtors or the Debtors' property. For example, while the stay is in effect, creditors cannot sue, assert a deficiency, repossess property, or otherwise try to collect from the Debtors. Creditors cannot demand repayment from the Debtors by mail, phone, or otherwise. Creditors who violate the stay can be required to pay actual and punitive damages and attorney's fees.

**PLEASE TAKE FURTHER NOTICE** that any entity that seeks to assert claims, interests, causes of action, or other legal or equitable remedies against, or otherwise exercise any rights in law or equity against the Debtors or their estates, must do so in front of the Court pursuant to the Order, the Bankruptcy Code, and applicable law.

**PLEASE TAKE FURTHER NOTICE** that pursuant to the Order and to the extent set forth in the Bankruptcy Code, any governmental agency, department, division or subdivision, or

---

[2]    Nothing herein shall constitute a waiver of the right to assert any claims, counterclaims, defenses, rights of setoff, or recoupment or any other claims of the Debtors against any party to the Chapter 11 Cases. The Debtors expressly reserve the right to contest any claims which may be asserted against the Debtors.

any similar governing authority is prohibited from, among other things:  (i) denying, revoking, suspending, or refusing to renew any license, permit, charter, franchise, or other similar grant to the Debtors; (ii) placing conditions upon such a grant to the Debtors; or (iii) discriminating against the Debtors with respect to such a grant, solely because the Debtors are debtors under the Bankruptcy Code, may have been insolvent before the commencement of these Chapter 11 Cases, or are insolvent during the pendency of these Chapter 11 Cases as set forth more particularly in the Order, except as permitted by the Court under applicable law.

**PLEASE TAKE FURTHER NOTICE** that pursuant to the Order and to the extent set forth in the Bankruptcy Code, parties to contracts or agreements with the Debtors are prohibited from terminating such contracts or agreements because of a Debtor's bankruptcy filing, except as permitted by the Court under applicable law.

**PLEASE TAKE FURTHER NOTICE** that pursuant to sections 105(a) and 362(k) of the Bankruptcy Code and Rule 9020 of the Federal Rules of Bankruptcy Procedure, among other applicable substantive law and rules of procedure, any person or governmental unit seeking to assert its rights or obtain relief outside of the processes set forth in the Order, the Bankruptcy Code, and applicable law may be subject to proceedings in front of the Court for failure to comply with the Order and applicable law, including contempt proceedings resulting in fines, sanctions, and punitive damages against the entity and its assets inside the United States.

**PLEASE TAKE FURTHER NOTICE** that additional information regarding the Debtors' Chapter 11 Cases, including copies of pleadings filed therein, may be obtained by:  (i) reviewing the publicly available docket of the Debtors' Chapter 11 Cases at http://www.deb.uscourts.gov (PACER login and password required); (ii) accessing the Debtors' publicly available website providing information regarding these Chapter 11 Cases, located online

3

at https://dm.epiq11.com/Rockport; or (iii) contacting the following proposed counsel for the

Debtors.

Dated:  **[Date]**                         Respectfully submitted,
         Wilmington, Delaware

_/s/M. Blake Cleary_
M. Blake Cleary (No. 3614)
L. Katherine Good (No. 5101)
Gregory J. Flasser (No. 6154)
Katelin A. Morales (No. 6683)
**POTTER ANDERSON & CORROON LLP**
1313 North Market Street, 6th Floor
Wilmington, Delaware 19801
Telephone: (302) 984-6000
Facsimile:  (302) 658-1192
Email:  bcleary@potteranderson.com
         kgood@potteranderson.com
         gflasser@potteranderson.com
         kmorales@potteranderson.com

_Proposed Counsel for Debtors and Debtors in Possession_