IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>The RP Co. Liquidating, LLC, *et al.*[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 23-10774 (BLS)<br><br>(Jointly Administered)<br><br>Hearing Date: February 7, 2024 at 10:00 a.m. (ET)<br>Obj. Deadline: January 22, 2024 at 4:00 p.m. (ET) |

**DEBTORS' FIRST OMNIBUS (SUBSTANTIVE) OBJECTION
TO CERTAIN (I) NO LIABILITY CLAIMS, (II) MISCLASSIFIED CLAIMS,
AND (III) OVERSTATED AND MISCLASSIFIED CLAIMS**

**THIS OBJECTION SEEKS TO DISALLOW OR MODIFY CERTAIN FILED PROOFS OF CLAIM. CLAIMANTS SHOULD CAREFULLY REVIEW THIS OBJECTION AND THE EXHIBITS ATTACHED TO THIS OBJECTION TO DETERMINE WHETHER THIS OBJECTION AFFECTS THEIR CLAIMS. CLAIMANTS RECEIVING THIS OBJECTION SHOULD LOCATE THEIR NAMES AND CLAIMS ON SCHEDULES 1, 2, AND 3 TO THE PROPOSED ORDER ATTACHED HERETO AS EXHIBIT A.**

The above-captioned debtors and debtors in possession (collectively, the "Debtors") in the above-captioned chapter 11 cases (the "Chapter 11 Cases"), by and through their undersigned counsel, hereby file this omnibus objection (the "Objection"), for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), pursuant to sections 105(a) and 502 of title 11 of the United States Code (the "Bankruptcy Code"), rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and rule 3007-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), disallowing, expunging, or modifying, as applicable, certain proofs of claim listed on **Schedule 1** (the "No Liability Claims"), **Schedule 2** (the "Misclassified

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal taxpayer identification number, are: The RP Co. Liquidating, LLC (5670); CB Marathon Midco, LLC (6498); RP IP Liquidating, LLC (6809); and CB Footwear Services, LLC (6826). The Debtors' mailing address is: 1220 Washington Street, West Newton, MA 02465.

Claims"), and **Schedule 3** (the "Overstated and Misclassified Claims" and together with the No Liability Claims and Misclassified Claims, the "Disputed Claims") to the Proposed Order. In support of this Objection, the Debtors submit the *Declaration of Joseph Marchese in Support of the Debtors' First Omnibus (Substantive) Objection to Certain (I) No Liability Claims, (II) Misclassified Claims, and (III) Overstated and Misclassified Claims* (the "Marchese Declaration"), attached hereto as **Exhibit B**, and respectfully state as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction to consider this Objection under 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated as of February 29, 2012. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Pursuant to Local Rule 9013-l(f), the Debtors consent to the entry of a final order by the Court in connection with this Objection to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2. Venue of these Chapter 11 Cases and this Objection in this District is proper under 28 U.S.C. §§ 1408 and 1409.

3. The statutory and legal predicates for the relief requested herein are section 502 of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1.

## BACKGROUND

**I.    THE CHAPTER 11 CASES**

4. On June 14, 2023 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief with the Court under chapter 11 of the Bankruptcy Code.

5. The Debtors are continuing in possession of their property as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

11221400v.8

6. No trustee or examiner has been appointed in these Chapter 11 Cases. On June 25, 2023, the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed an Official Committee of Unsecured Creditors (the "Committee"). *See* Docket No. 92.

7. The Debtors filed these Chapter 11 Cases to effectuate a sale of substantially all of their assets, including their inventory and intellectual property, thereby maximizing recoveries for the Debtors' estates. On August 7, 2023, the Debtors successfully consummated the sale of substantially all of their assets, including intellectual property, related tangible assets and certain contracts, and certain inventory to the Buyer (the "Sale") in exchange for approximately $52.7 million. See Docket Nos. 293 and 304.

8. Following the closing of the Sale, the proceeds of the Sale were used to satisfy certain senior secured financing obligations (the "Senior Obligations") as provided for in the *Order Authorizing and Approving (A) the Sale of Substantially All of the Debtors' Assets Free and Clear of Liens, Claims, Rights, Encumbrances and Other Interests, (B) the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, and (C) Granting Related Relief approving the Sale Motion* [Docket No. 275] (as amended by the sale order entered at Docket No. 293, the "Sale Order") and the interim and final orders [Docket Nos. 75 and 272] (collectively, the "DIP Orders") approving the *Debtors Motion for Entry of Interim and Final Orders (I) Authorizing the Debtors to (A) Obtain Postpetition Financing and (B) Utilize Cash Collateral, (II) Granting Liens and Superpriority Administrative Expense Claims, (III) Granting Adequate Protection, (IV) Modifying the Automatic Stay, (V) Scheduling a Final Hearing, and (VI) Granting Related Relief* [Docket No. 15].

9. On October 6, 2023, the Debtors filed the *Debtors' Motion for Entry of Interim and Final Orders (I) Authorizing Postpetition Use of Cash Collateral; (II) Granting Adequate*

3

*Protection to Remaining Secured Parties; (III) Scheduling a Final Hearing; and (IV) Granting Related Relief* [Docket No. 407] (the "Cash Collateral Motion"). On November 14, 2023, the Court entered the *Final Order (I) Authorizing Postpetition Use of Cash Collateral; (II) Granting Adequate Protection to Remaining Secured Parties; and (III) Granting Related Relief* [Docket No. 513] (the "Final Cash Collateral Order").

10. Following the satisfaction of the Senior Obligations, the Remaining Secured Parties (as defined in the Cash Collateral Motion) have consented to the use of their cash collateral to, among other things, fund transition services, allow the Debtors to collect accounts receivable, and allow the Debtors to wind-down their operations, as well as the use of cash collateral to satisfy certain expenses, in accordance with the final cash collateral budget attached to the Final Cash Collateral Order.

11. Additional factual background regarding the Debtors, including their business operations, their corporate and capital structure, and the events leading to the filing of these Chapter 11 Cases is set forth in detail in the *Declaration of Joseph Marchese in Support of the Debtors' Chapter 11 Petitions and First Day Pleadings* [Docket No. 3] (the "First Day Declaration"),[2] which is incorporated by reference herein.

## II. THE CLAIMS RESOLUTION PROCESS

### A. The Bar Dates

12. On August 3, 2023, the Debtors filed the *Debtors' Motion for Entry of an Order (I) Establishing Deadlines for the Filing of Proofs of Claim (Including for Claims Arising Under Section 503(b)(9) of the Bankruptcy Code), (II) Approving the Forms and Manner of Notice Thereof, and (III) Granting Related Relief* [Docket No. 286] (the "General Bar Date Motion").

---

[2] Capitalized terms used, but not otherwise defined in this Objection shall have the meaning given to them in the First Day Declaration and the Bar Date Orders (defined below).

13. On August 15, 2023, the Court entered the *Order (I) Establishing Deadlines for the Filing of Proofs of Claim (Including for Claims Arising Under Section 503(b)(9) of the Bankruptcy Code), (II) Approving the Form and Manner of Notice Thereof, and (III) Granting Related Relief* [Docket No. 311] (the "General Bar Date Order"). On August 15, 2023, the Debtors filed the *Notice of Deadline for Filing Proofs of Claim (Including for Claims Arising Under Section 503(b)(9) of the Bankruptcy Code)* [Docket No. 312] (the "Bar Date Notice").

14. Pursuant to the General Bar Date Order and the Bar Date Notice, the Court established, among other deadlines, (i) September 14, 2023 at 5:00 p.m. (prevailing Eastern Time) (the "General Bar Date") as the deadline for all entities, other than governmental units (as defined in section 101(27) of the Bankruptcy Code), to file proofs of claim to assert claims (as defined in section 101(5) of the Bankruptcy Code) that arose, or are deemed to have arisen, prior to the Petition Date, including claims entitled to priority under section 503(b)(9) of the Bankruptcy Code; and (ii) December 11, 2023 (the "Governmental Bar Date") as the deadline for all governmental units to filed proofs of claim.

15. On October 5, 2023, the Debtors filed the *Debtors' Motion for Order (I) Fixing a Deadline for Filing Requests for Allowance of Administrative Expense Claims and (II) Designating Form and Manner of Notice Thereof* [Docket No. 405] (the "Administrative Expense Bar Date Motion").

16. On October 27, 2023, the Court entered the *Order (I) Fixing a Deadline for Filing Requests for Allowance of Administrative Expense Claims and (II) Designating Form and Manner of Notice Thereof* [Docket No. 465] (the "Administrative Expense Bar Date Order" and together with the General Bar Date Order, the "Bar Date Orders"). On November 1, 2023, the Debtors

filed the Notice of Deadline for Filing of Administrative Expense Claims [Docket No. 488] (the "Administrative Expense Bar Date Notice").

17. Pursuant to the Administrative Expense Bar Date Order and the Administrative Expense Bar Date Notice, the Court established December 6, 2023 at 4:00 p.m. (prevailing Eastern Time) (the "Administrative Expense Bar Date" and together with the General Bar Date, the "Bar Dates") as the deadline by which all persons or entities (including, without limitation, individuals, partnerships, corporations, joint ventures, trusts, and governmental units) must file requests for the allowance of an administrative expense claim under section 503(b) of the Bankruptcy Code, other than a claim arising under section 503(b)(9) of the Bankruptcy Code,[3] against the Debtors' estates that may have arisen during the period from the Petition Date through and including October 31, 2023

### B. Proofs of Claim and Claims Reconciliation

18. The Debtors' claims register (the "Claims Register"), as maintained by Epiq Corporate Restructuring, LLC ("Epiq"), indicates that more than 840 proofs of claim (the "Claims") were filed against the Debtors. Such alleged Claims against the Debtors include administrative, secured, priority, and general unsecured claims.

19. In the ordinary course of business, the Debtors maintain books and records (the "Books and Records") that reflect, among other things, the nature and amount of the liabilities owed to their creditors. As part of their efforts to winddown these Chapter 11 Cases the Debtors and their professionals have been conducting a claims reconciliation process to maximize recoveries for creditors. The Debtors and their professionals have been diligently reviewing, comparing, and reconciling the proofs of claim (including any supporting documentation) with the

---

[3] Claims arising under section 503(b)(9) were included in the General Bar Date Motion and were to be filed on or before the General Bar Date as set forth in the General Bar Date Order.

Books and Records. This reconciliation process includes identifying particular categories of claims that may be disallowed and expunged, reduced and allowed, or reclassified. While this analysis and reconciliation is ongoing, the Debtors have determined that certain claims should be modified or disallowed for one or more reasons. Accordingly, the Debtors file this Objection seeking the relief requested below.

### III. THE DISPUTED CLAIMS

#### A. **No Liability Claims**

20. Following a review of each of the No Liability Claims listed on **Schedule 1** to the Proposed Order, the supporting materials attached thereto, and the Debtors' Books and Records, the Debtors have determined that they are not liable for the No Liability Claims for the reasons set forth under the column labeled "Reason for Disallowance" on **Schedule 1** to the Proposed Order. Thus, the Debtors believe that each of the No Liability Claims should be disallowed.

#### B. **Misclassified Claims**

21. After reconciling the Claims against the Debtors' Books and Records, the Debtors have determined that the classification status of the Misclassified Claims identified on **Schedule 2** to the Proposed Order should be adjusted. As set forth more fully on **Schedule 2**, the Debtors have determined that the classification status should be adjusted because the Misclassified Claims incorrectly assert administrative, secured, or priority unsecured status where no basis for such treatment exists under the Bankruptcy Code.

#### C. **Overstated and Misclassified Claims**

22. After reconciling the Claims against the Debtors' Books and Records, the Debtors have determined that the Overstated and Misclassified Claims identified on **Schedule 3** to the Proposed Order should be reduced and the classification status of the Overstated and Misclassified Claims should be adjusted. As set forth more fully on **Schedule 3**, the Debtors have determined

that (a) such Overstated and Misclassified Claims should be reduced because the Debtors are liable for only a portion of the asserted claims and (b) the classification status should be adjusted because the Overstated and Misclassified Claims incorrectly assert administrative, secured, or priority unsecured status where no basis for such treatment exists under the Bankruptcy Code.

## RELIEF REQUESTED

23. By this Objection, and for the reasons described more fully below, the Debtors object to the Disputed Claims set forth on **Schedules 1, 2,** and **3** attached to the Proposed Order pursuant to sections 105(a) and 502 of the Bankruptcy Code, Bankruptcy Rules 3007 and 9014, and Local Rule 3007-1. The Debtors respectfully request entry of the Proposed Order disallowing and expunging or modifying, as applicable, the Disputed Claims as requested herein.

## BASIS FOR RELIEF

24. Section 502(a) of the Bankruptcy Code provides, in pertinent part, that "[a] claim or interest, proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a). Once an objection to a claim is filed, the Court, after notice and a hearing, shall determine the allowed amount of the claim. *See* 11 U.S.C. § 502(b).

25. Section 502(b)(1) of the Bankruptcy Code provides, in part, that a claim may not be allowed to the extent that it "is unenforceable against the debtor and property of the debtor, under any agreement or applicable law." 11 U.S.C. § 502(b)(1). While a properly filed proof of claim is *prima facie* evidence of the claim's allowed amount, when an objecting party rebuts a claim's prima facie validity, the claimant bears the burden of proving the claim's validity by a

preponderance of evidence. *See In re Allegheny Int'l, Inc.*, 954 F.2d 167, 173-74 (3d Cir. 1992). The burden of persuasion with respect to the claim is always on the claimant. *See id*. at 174.

26. In addition, administrative/priority schemes are also narrowly construed. *See In re Juvennelliano*, 464 B.R. 651, 655 (Bankr. D. Del. 2011) (explaining that "administrative claims must be strictly construed based on the presumption that a debtor has limited resources to be distributed equally to creditors."); *In re Unidigital, Inc.*, 262 B.R. 283, 288 (Bankr. D. Del. 2008) ("Priority claims are narrowly construed."). *See also Supplee v. Bethlehem Steel Corp. (In re Bethlehem Steel Corp.)*, 479 F.3d 167, 173 (2d Cir. 2007) ("Because the presumption in bankruptcy cases is that the debtor's limited resources will be equally distributed among his creditors, statutory priorities are narrowly construed."); *In re BH S&B Holdings LLC*, 426 B.R. 478, 486-87 (Bankr. S.D.N.Y. 2010).

27. Pursuant to Bankruptcy Rule 3007(d), a party is permitted to file omnibus objections to more than one claim on the bases enumerated therein, which include, among other things, that such claims "[do] not comply with applicable rules, and the objection states that the objector is unable to determine the validity of the claim because of the noncompliance." Fed. R. Bankr. P. 3007(d)(6).

28. For the reasons set forth below, there is ample evidence to rebut the *prima facie* validity of each of the Disputed Claims.

    A. **No Liability Claims**

29. Section 502(b)(1) of the Bankruptcy Code provides that a claim asserted in a proof of claim shall be allowed, except to the extent "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law." 11 U.S.C. § 502(b)(1).

30. Following a review of each of the No Liability Claims listed on **Schedule 1** to the Proposed Order, the supporting materials attached thereto, and the Debtors' Books and Records,

9

the Debtors have determined that they are not liable for the No Liability Claims for the reasons set forth under the column labeled "Reason for Disallowance" on **Schedule 1** to the Proposed Order.

31. Some of the reasons that the Debtors believe the No Liability Claims are not valid claims may include, but are not limited to: (i) the relevant Books and Records do not reflect the existence of the asserted Claim or of the Claimant asserting such Claim; (ii) the product was not sold or the service was not provided to any of the Debtors, or is the legal responsibility of a third party; and (iii) the Claims are not enforceable against the Debtors or their property under any agreement or applicable law, including sales, excise, or other taxes for the periods when the Debtors' businesses were closed.

32. Based on the Debtors' review and analysis of the relevant Books and Records, the Claims Register, and the No Liability Claims and supporting documentation, the No Liability Claims are not enforceable under any applicable law or agreement within the meaning of section 502(b)(1) of the Bankruptcy Code and, therefore, the Debtors' estates are not liable for such claims. Accordingly, the Debtors (i) object to the No Liability Claims, and (ii) request entry of the Proposed Order disallowing and expunging each of the No Liability Claims listed on **Schedule 1**.

    B. **Misclassified Claims**

33. After reconciling the Claims against the Debtors' Books and Records, the Debtors have determined that the classification status of the Misclassified Claims identified on **Schedule 2** to the Proposed Order should be adjusted. As set forth more fully on **Schedule 2**, the Debtors object to the Misclassified Claims listed on **Schedule 2** to the Proposed Order because the Misclassified Claims seek payment as either administrative expense or priority claims, but do not qualify as such under the applicable provisions of the Bankruptcy Code.

34. Upon review of the Misclassified Claims and the supporting documentation submitted with the Misclassified Claims, the Debtors have determined that the Misclassified

Claims listed on **Schedule 2** are not entitled to administrative or other priority, and instead should be reclassified as general unsecured claims.

35. Accordingly, the Misclassified Claims listed on **Schedule 2** more appropriately constitute general unsecured claims. The Debtors request entry of the Proposed Order reclassifying the Misclassified Claims as general unsecured claims in the manner and amounts listed, subject to the Debtors' or any other parties' further objections on any substantive or non-substantive grounds.

C. **Overstated and Misclassified Claims**

36. After reconciling the Claims against the Debtors' Books and Records, the Debtors have determined that the Overstated and Misclassified Claims identified on **Schedule 3** to the Proposed Order should be reduced and the classification status of the Overstated and Misclassified Claims should be adjusted. As set forth more fully on **Schedule 3**, the Debtors have determined that (a) such Claims should be reduced because the Debtors are liable for only a portion of the asserted Claims and (b) the classification status should be adjusted because the Claims incorrectly assert administrative, secured, or priority unsecured status where no basis for such treatment exists under the Bankruptcy Code.

37. Failure to reduce and reclassify the Overstated and Misclassified Claims would result in the claimant receiving an unwarranted recovery against the Debtors' estates to the detriment of other creditors in these Chapter 11 Cases. Accordingly, the Debtors request entry of the Proposed Order reducing and reclassifying each of the Overstated and Misclassified Claims identified on **Schedule 3** to the Proposed Order.

## RESPONSES TO THE OBJECTION

38. **Filing and Service of Responses**: To contest the Objection, a Claimant must file and serve a written response to the Objection (each, a "Response") so that it is actually received by the Clerk of the Court and the parties in the following paragraph no later than 4:00 p.m. (ET) on January 22, 2024 (the "Response Deadline"). Claimants should locate their names and Disputed Claims on **Schedules 1, 2,** and **3** attached to the Proposed Order, and carefully review the Objection. A Response must address each ground upon which the Debtors object to a particular Disputed Claim. A hearing to consider the Debtors' Objection, if necessary, will be held on February 7, 2024 at 10:00 a.m. (ET), before the Honorable Brendan L. Shannon, United States Bankruptcy Judge, at the United States Bankruptcy Court for the District of Delaware, 824 North Market Street, 6th Floor, Courtroom No. 1, Wilmington, Delaware 19801 or via telephone and videoconference (the "Hearing").

39. Each Response must be filed and served upon the following entities at the following addresses:

>   Office of the Clerk of the United States Bankruptcy Court
>   for the District of Delaware
>   824 North Market Street, 3rd Floor
>   Wilmington, Delaware 19801
>
>   -and-
>
>   **POTTER ANDERSON & CORROON LLP**
>   M. Blake Cleary
>   Gregory J. Flasser
>   Levi Akkerman
>   1313 N. Market Street, 6th Floor
>   Wilmington, DE 19801
>   Telephone: 302-984-6000
>   Facsimile: (302) 658-1192
>   Email: bcleary@potteranderson.com
>          gflasser@potteranderson.com

11221400v.8

lakkerman@potteranderson.com

*Counsel to the Debtors and Debtors in Possession*

40. **Content of Responses**: Every Response to the Objection must contain, at a minimum, the following:

   a) a caption setting forth the name of the Court, the above-referenced case number and the title of the Objection to which the Response is directed;

   b) the name of the Claimant and description of the basis for the amount of the Disputed Claim;

   c) a concise statement setting forth the reasons why a particular Disputed Claim should not be modified or disallowed and expunged for the reasons set forth in the Objection, including, but not limited to, the specific factual and legal bases upon which the Claimant will rely in opposing the Objection at the Hearing;

   d) all documentation or other evidence relating to the Disputed Claim in question, to the extent not already included with the Claimant's proof of claim, upon which the Claimant will rely in opposing the Objection at the Hearing;

   e) the name, address, telephone number, and fax number of the person(s) (who may be the Claimant or a legal representative thereof) possessing ultimate authority to reconcile, settle, or otherwise resolve the Disputed Claim on behalf of the Claimant; and

   f) the name, address, telephone number, and fax number of the person(s) (who may be the Claimant or a legal representative thereof) to whom the Debtors should serve any reply to the Response.

41. **Timely Response Required; Hearing**: If a Response is properly and timely filed and served in accordance with the above procedures, the Debtors will endeavor to reach a consensual resolution with the Claimant. If no consensual resolution is reached, the Court will conduct a hearing with respect to the Objection and the Response on February 7, 2024 at 10:00 a.m. (ET), or such other date and time as parties filing Responses may be notified. Only those Responses made in writing and timely filed and received will be considered by the Court at any such hearing.

42. **Adjournment of Hearing**: The Debtors reserve the right to adjourn the Hearing on any Disputed Claim included in the Objection. If the Debtors so adjourn the Hearing, the Debtors will state that the Hearing on that particular Disputed Claim has been adjourned on the agenda for the Hearing on the Objection, which agenda will be served on the person designated by the Claimant in its Response.

43. If a Claimant whose Disputed Claim is subject to the Objection, and who is served with the Objection, fails to file and serve a timely Response in compliance with the foregoing procedures, the Debtors will present to the Court an appropriate order disallowing and expunging or modifying, as applicable, the Disputed Claims <u>without further notice to the Claimant</u>.

## **SEPARATE CONTESTED MATTER**

44. To the extent a Response is filed regarding any individual claim listed in this Objection and the Debtors are unable to resolve the Response, the Objection by the Debtors to such claim shall constitute a separate contested matter as contemplated by Bankruptcy Rule 9014. Any order entered by the Court regarding an objection asserted in this Objection shall be deemed a separate order with respect to each claim subject thereto.

## **RESERVATION OF RIGHTS**

45. The Debtors expressly reserve the right to amend, modify, or supplement this Objection, and to file additional objections to the Disputed Claims or any other claims (filed or not) that may be asserted against the Debtors and their estates. Should one or more of the grounds for objection stated in the Objection be withdrawn or overruled, the Debtors reserve the right to object to each of the Disputed Claims or any other proofs of claim on any other grounds.

46. Notwithstanding anything contained in the Objection, or the exhibits and schedules attached hereto, nothing herein will be construed as a waiver of any rights that the Debtors or any

successors thereto, may have to enforce any other rights, including but not limited to the right of setoff against the Claimant.

47. Nothing in this Objection shall be deemed: (a) an admission as to the amount of, basis for, or validity of any claim against the Debtors under the Bankruptcy Code or other applicable nonbankruptcy law; (b) a waiver of the Debtors' or any other party in interest's right to dispute any claim; (c) a promise or requirement to pay any particular claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Objection; (e) an admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; or (f) a waiver of any claims or causes of action which may exist against any entity under the Bankruptcy Code or any other applicable law.

## COMPLIANCE WITH LOCAL RULE 3007-1

48. The undersigned counsel to the Debtors has reviewed the requirements of Local Rule 3007-1 and certifies that the Objection substantially complies with that Local Rule. To the extent that the Objection does not comply in all respects with the requirements of Local Rule 3007-1, the Debtors believe such deviations are not material and respectfully requests that any such requirement be waived.

## NOTICE

49. Notice of this Objection will be given to: (i) the U.S. Trustee; (ii) each Claimant listed on **Schedules 1, 2,** and **3** attached to the Proposed Order; (iii) counsel to the Committee; and (iv) all parties requesting notice pursuant to Bankruptcy Rule 2002. The Debtors respectfully submit that no other or further notice is required.

15

11221400v.8

**WHEREFORE**, the Debtors respectfully request that the Court enter the Proposed Order, granting the relief requested in this Objection and such other relief as may be just and proper.

Dated: January 8, 2024
       Wilmington, Delaware

Respectfully submitted,

*/s/ Gregory J. Flasser*
M. Blake Cleary (No. 3614)
Gregory J. Flasser (No. 6154)
Levi Akkerman (No. 7015)
**POTTER ANDERSON & CORROON LLP**
1313 North Market Street, 6th Floor
Wilmington, Delaware 19801
Telephone: (302) 984-6000
Facsimile: (302) 658-1192
Email: bcleary@potteranderson.com
       gflasser@potteranderson.com
       lakkerman@potteranderson.com

*Counsel for the Debtors and Debtors in Possession*