IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>The RP Co. Liquidating, LLC, *et al.*[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 23-10774 (BLS)<br><br>(Jointly Administered)<br><br>**Re: D.I. 589, 640, & 656** |

**SUPPLEMENTAL ORDER SUSTAINING THE DEBTORS' FIRST OMNIBUS (SUBSTANTIVE) OBJECTION TO CERTAIN (I) NO LIABILITY CLAIMS, (II) MISCLASSIFIED CLAIMS, AND (III) OVERSTATED AND MISCLASSIFIED CLAIMS**

Upon the *Debtors' First Omnibus (Substantive) Objection to Certain (I) No Liability Claims, (II) Misclassified Claims, and (III) Overstated and Misclassified Claims* (the "Objection") to certain proofs of claim, and the *Notice of Filing of Supplemental Order Sustaining the Debtors' First Omnibus (Substantive) Objection to Certain (I) No Liability Claims, (II) Misclassified Claims, and (III) Overstated and Misclassified Claims* (the "Notice of Supplemental Order");[2] and this Court having reviewed the Objection, the Marchese Declaration, and the Notice of Supplemental Order; and this Court having determined that the relief requested in the Objection is in the best interests of the Debtors, their estates, creditors, and other parties in interest and that the legal and factual bases set forth in the Objection establish just cause for the relief granted herein; and this Court having jurisdiction to consider the Objection and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated as of February 29, 2012; and

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal taxpayer identification number, are: The RP Co. Liquidating, LLC (5670); CB Marathon Midco, LLC (6498); RP IP Liquidating, LLC (6809); and CB Footwear Services, LLC (6826). The Debtors' mailing address is: 1220 Washington Street, West Newton, MA 02465.

[2] Capitalized terms not defined herein shall have the meanings ascribed in the Objection and the Notice of Supplemental Order, as applicable.

1

consideration of the Objection and the relief requested therein being a core proceeding under 28 U.S.C. § 157(b)(2); and this Court having authority to enter a final order consistent with Article III of the United States Constitution; and venue being proper before this Court under 28 U.S.C. §§ 1408 and 1409; and it appearing that proper and adequate notice of the Objection and Notice of Supplemental Order has been given and that no other or further notice is necessary; and upon all of the proceedings before this Court; and this Court having entered an order [D.I. 640] on February 7, 2024 sustaining the Objection with respect to all claims subject to the Objection except for the Adjourned Parties; and after due deliberation thereon; and good and sufficient cause appearing therefor, it is hereby

**ORDERED, ADJUDGED, AND DECREED THAT:**

1. The Objection is SUSTAINED as set forth herein.

2. Any response to the Objection not otherwise withdrawn, resolved, or adjourned is hereby overruled on the merits.

3. Claim No. 6 filed by the Nevada Department of Taxation is hereby disallowed.

4. Claim No. 10048 filed by Joji Goto is hereby reclassified as a general unsecured claim in the amount of $3,569.40.

5. Claim No. 10153 filed by the NH Department of Revenue Administration shall be reclassified as a general unsecured claim in the amount of $2,634.10.

6. The objection to each claim, as addressed in the Objection and as set forth herein, constitutes a separate contested matter as contemplated by Bankruptcy Rule 9014 and Local Rule 3007-1. This Order shall be deemed a separate order with respect to each such claim that is the subject of the Objection. Any stay of this Order pending appeal by any Claimants whose claims are subject to this Order shall only apply to the contested matter that involves such Claimant and

shall not act to stay the applicability or finality of this Order with respect to any other contested matters addressed in the Objection and this Order.

7. Notwithstanding Local Rule 3007-1(f)(iii), the rights of the Debtors, the Committee, or any other party to: (i) file subsequent objections to any claims that are subject to this Order on any ground, substantive or non-substantive (as permitted by the Court); (ii) amend, modify or supplement the Objection, including, without limitation, filing objections to further amended or newly-filed claims; (iii) seek to expunge or reduce any claim to the extent all or a portion of such claim has been paid; and (iv) settle any claim for less than the asserted amount, are expressly preserved. Additionally, should one or more of the grounds of objection stated in the Objection be overruled, the Debtors', the Committee's, and any other parties' rights to object to the remaining Claims on any other grounds are preserved. For the avoidance of doubt, leave from the requirements of Local Rule 3007-1(f)(iii) is hereby granted.

8. Epiq is authorized and directed to modify the Claims Register to comport with the relief granted by this Order.

9. Nothing in this Order or the Objection is intended or shall be construed as a waiver of any of the rights the Debtors or any other party may have to enforce rights against the Claimants, including but not limited to any right of setoff.

10. This Order is immediately effective and enforceable, notwithstanding the possible applicability of Bankruptcy Rule 6004(h) or otherwise.

11. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this Order.

Dated: February 28th, 2024  
Wilmington, Delaware

BRENDAN L. SHANNON  
UNITED STATES BANKRUPTCY JUDGE

11336031v.1