# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| The RP Co. Liquidating, LLC, *et al.*[1] | Case No. 23-10774 (BLS) |
| Debtors. | (Jointly Administered) |
| | **Re: D.I. 643** |

### ORDER GRANTING THE DEBTORS' MOTION FOR ENTRY OF AN ORDER (I) DISMISSING THE CHAPTER 11 CASES; (II) AUTHORIZING THE DEBTORS TO ABANDON OR DESTROY CERTAIN BOOKS AND RECORDS; (III) EXCULPATING CERTAIN PARTIES FROM LIABILITY IN CONNECTION WITH THE CHAPTER 11 CASES; (IV) TERMINATING ENGAGEMENT OF CLAIMS AGENT; AND (V) GRANTING RELATED RELIEF

Upon the *Motion for Entry of an Order (I) Dismissing the Chapter 11 Cases; (II) Authorizing the Debtors to Abandon or Destroy Certain Books and Records; (III) Authorizing the Debtors to Remit Proceeds from the Sale of Certain Foreign Subsidiaries of Rockport UK Holdings Ltd. to the Remaining Secured Parties; (IV) Authorizing the Debtors to Dissolve; (V) Exculpating Certain Parties from Liability in Connection with the Chapter 11 Cases; (VI) Terminating Engagement of Claims Agent; and (VII) Granting Related Relief* (the "Motion")[2] of the above-captioned debtors and debtors-in-possession (the "Debtors") pursuant to sections 105(a), 305(a), and 1112(b) of the Bankruptcy Code for the entry of an order (a) dismissing the Debtors' chapter 11 cases (collectively, these "Chapter 11 Cases"); (b) authorizing, but not directing, the Debtors or their designee to abandon or destroy the Debtors' remaining books and

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal taxpayer identification number, are: The RP Co. Liquidating, LLC (5670); CB Marathon Midco, LLC (6498); RP IP Liquidating, LLC (6809) CB Footwear Services, LLC (6826). The Debtors' mailing address is: 1220 Washington Street, West Newton, MA 02465.

[2] Capitalized terms not defined herein shall have the meanings ascribed to them in the Motion.

records, subject to the terms herein; (c) authorizing and directing the Debtors to remit to the Remaining Secured Parties any proceeds received from the liquidating of RP UK and its Subsidiaries; (d) authorizing the Debtors to dissolve; (e) exculpating certain parties from liability in connection with the Chapter 11 Cases; (f) terminating the services of Epiq Corporate Restructuring LLC, as claims agent ("Epiq" or "Claims Agent") in these Chapter 11 Cases; and (g) granting related relief; and this Court having reviewed the Motion and having conducted a hearing on the Motion, at which time the Debtors, the Committee and all parties-in-interest were given an opportunity to be heard; and it appearing that sufficient notice of the Motion having been given to parties-in-interest; and the Court finding that (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), (b) notice of the Motion and the opportunity for a hearing thereon was adequate and sufficient under the circumstances and no other or further notice need be given, (c) the legal and factual bases set forth in the Motion constitute just cause for the relief granted herein, and (d) the relief requested in the Motion is in the best interests of the Debtors' estates and creditors; and after due deliberation and sufficient cause appearing therefore, it is

**ORDERED, ADJUDGED AND DECREED THAT:**

    1.    The Motion is hereby GRANTED.

    2.    All objections to the Motion or the relief requested therein that have not been withdrawn, waived, or settled, and all reservations of rights included therein, are overruled on the merits and denied with prejudice.

    3.    Pursuant to section 1112(b) of the Bankruptcy Code, each of these Chapter 11 Cases are hereby dismissed effective as of the date of entry of this Order.

4. Notwithstanding anything to the contrary, and for cause shown pursuant to section 349 of the Bankruptcy Code, all (i) prior orders, stipulations, rulings, and judgments of this Court made during the course of these Chapter 11 Cases or any related adversary proceeding, including, without limitation, the Sale Order, the DIP Orders, the Final Cash Collateral Order, and the Second Final Cash Collateral Order, and (ii) prior settlements and releases approved by the Court, shall remain final and in full force and effect, shall be unaffected by the dismissal of these Chapter 11 Cases, and are specifically preserved for all preclusive purposes, including, without limitation, collateral estoppel and *res judicata*.

5. The employment of the professionals retained by the Debtors' estates is terminated, effective immediately, without the need for further action on the part of this Court, the Debtors, or such professionals.

6. The Debtors shall pay any unpaid U.S. Trustee Fees for the first quarter of 2024 through the entry of this Order, within thirty (30) days of entry of this Order.

7. The Clerk of the Court shall enter this Order individually on each of the dockets of the Chapter 11 Cases and thereafter each docket shall be marked as "Closed."

8. Entry of this Order is without prejudice to (a) the rights of the Debtors or other party in interest to seek to reopen the Chapter 11 Case for cause pursuant to section 350(b) of the Bankruptcy Code, and (b) the right of the Debtors or any other parties in interest to dispute, object to or resolve all claims that were filed against the Debtors in these Chapter 11 Cases.

9. Pursuant to sections 105(a) and 554 of the Bankruptcy Code and Bankruptcy Rule 6007, the Debtors are authorized, but not directed, to abandon or destroy, or cause to be abandoned or destroyed, any and all Books and Records that remain with the Debtors' estates as of the date; provided, however, that any hard copy documents containing personally identifiable information

must be shredded and any electronic documents containing personally identifiable information must be destroyed.

10. Upon entry of this Order, Epiq, as the Debtors' claims and noticing agent, is relieved of its responsibilities as the Debtors' claims and noticing agent in these Chapter 11 Cases provided, however, that Epiq shall provide the services described in this paragraph. Pursuant to Local Rule 2002-1(f)(ix), within fourteen (14) days of entry of this Order, the Claims Agent shall (i) forward to the Clerk of the Court an electric version of all imaged claims, (ii) upload the creditor mailing list into CM/ECF, and (iii) docket a combined final claims register in the lead case. Should the Claims Agent receive any mail regarding the Chapter 11 Cases after entry of this Order, the Claims Agent shall collect and forward such mail monthly, to the Debtors; provided, however, that the Claims Agent is authorized to destroy any undeliverable mail, correspondence, or other documents that it has in its possession related to the Debtors, other than the mail referenced in this paragraph.

11. Upon entry of this Order, the Committee shall dissolve automatically, whereupon its members, professionals, and agents shall be released from any duties and responsibilities in the Chapter 11 Cases and under the Bankruptcy Code.

12. From and after the date of entry of this Order, the Debtors, the directors and officers of the Debtors who served during any portion of these Chapter 11 Cases, the Debtors' professionals retained in these Chapter 11 Cases, the Committee, the members of the Committee, in their capacity as such, and the Committee's professionals retained in these Chapter 11 Cases (each an "Exculpated Party"), shall be exculpated from any liability for any act taken or omitted to be taken in good faith from the Petition Date through the date of entry of this Order in connection with or related to these Chapter 11 Cases, including but not limited to, the implementation of this Order (other than an act

in contravention of this Order), except for any claim or cause of action arising from the fraud, gross negligence, or willful misconduct of such Exculpated Party.

13. Notwithstanding the applicability of any Bankruptcy Rules to the contrary, the terms and conditions of this Order shall be effective and enforceable immediately upon entry of this Order.

14. The Debtors are authorized and empowered to execute and deliver such documents, and to take and perform any and all actions necessary to implement and effectuate the relief granted pursuant to this Order.

15. The Court shall retain jurisdiction with respect to any matters, claims, rights or disputes arising from or relating to the implementation of any order of this Court entered in these Chapter 11 Cases.

**Dated: March 27th, 2024**
**Wilmington, Delaware**

**BRENDAN L. SHANNON**
**UNITED STATES BANKRUPTCY JUDGE**

11344558v.4